**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **Holly Ellis, on behalf of herself and others similarly situated,**<br><br>                              **Plaintiff,**<br><br>**v.**<br><br>**Capital One Services, LLC,**<br>**Capital One Financial Corporation, and**<br>**Capital One, National Association,**<br><br>                              **Defendants.** | **CIVIL ACTION NO.  3:20-cv-00234-MHL** |

## COMPLAINT

Plaintiff Holly Ellis ("Ellis") ("Plaintiff") respectfully moves for judgment against Defendants Capital One Services, LLC, Capital One Financial Corporation and Capital One, National Association, (collectively "Capital One" or "Defendants"), as follows:

### Introduction

1.        This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA").  Plaintiff who was employed by Capital One, hereby bring this collective action under 29 U.S.C. § 216(b) on behalf of herself and others who are similarly situated current or former "Staffing Analysts" seeking unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendants' FLSA violation. Plaintiff regularly works or worked more than forty (40) hours per workweek for the Defendant without receiving overtime compensation as required under the FLSA. Capital One wrongly classified Plaintiff and other Staffing Analysts as exempt from overtime under the FLSA.

1

**Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

4.      Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

**Parties**

5.      Ellis is a resident of Virginia who was employed by Capital One until March 2019.  Plaintiff was an "employee" as defined in the FLSA.

6.      Capital One Services, LLC is a foreign corporation, which has its principal office in Virginia.

7.      Capital One Financial Corporation is a foreign corporation, which has its principal office in Virginia.

8.      Capital One, National Association is a foreign corporation, which has its principal office in Virginia.

9.      On information and belief, the Defendants are related entities in the financial products and services industry. According to filings with the Virginia State Corporation Commission, both Defendants list their principal office as being located at 1680 Capital One Drive, McLean, Virginia 22102 and share the same registered agent.  Plaintiff is currently unable to determine the precise corporate structure and relationship between Defendants.  Defendants are an "employer" as defined by the FLSA.

**Factual Allegations**

10.     Ellis was hired by Capital One in 1997 and worked continuously for Capital One until her termination on March 7, 2019.

11.     During the time frame relevant to this lawsuit, Ellis worked as a Staffing Analyst for Capital One

12.     Ellis worked mainly from Capital One's West Creek office complex in Goochland County, Virginia, and also worked remotely from home.

13.     Ellis's duties as a Staffing Analyst involved informing call centers of their anticipated staffing requirements.

14.     Ellis's primary duties involved compiling and reviewing data; evaluating vendor metrics; gathering metrics on call volume, staffing and labor costs; summarizing such collected data in order to inform vendor call centers of staffing requirements; and performing clerical duties related to the foregoing.

15.     In performing these primary duties Ellis and other Staffing Analysts used two different software systems: E-Workforce Management ("EWFM") and Teliopti.

16.     Prior to April 2018, the primary system used by Staffing Analysts was EWFM.

17.     Beginning in April 2018 the primary system used by Staffing Analysts was Teliopti.

18.     The EWFM and Teliopti systems were very different.

19.     With the older EWFM system, Staffing Analysts were required to engage in a lot of independent analysis and discretionary interpretations in order to make their staffing forecasting projections for the call centers. But with the new Teliopti system, the need for independent analysis or discretionary interpretation of data was removed.

20.     With Teliopti in place, Staffing Analysis duties were primarily clerical in that they were compiling data, entering data, summarizing data, and reporting the data in the form of staffing projections determined by Teliopti. A significant portion of Staffing Analysts' time was spent performing data entry, cutting and pasting data, sending and receiving emails or instant messages ("IM's") and preparing "decks" or slides in PowerPoint software to inform higher-ups of the various staffing projections determined by Teliopti.

21.     In other words, with EWFM, the Staffing Analysts were using discretion and independent judgment to creating the staffing projection recommendations. With Teliopti, the system was creating the staffing projection recommendations, removing discretion or independent judgment that Staffing Analysts previously exercised.

22.     Ellis did not supervise two or more full-time employees during the time she worked as a Staffing Analyst for Capital One.

23.     At no time during Plaintiff's employment did she qualify for the "highly compensated employee" exemption.

24.     Other than periods of leave, Ellis regularly worked in excess of 40 hours per week.

25.     Ellis typically worked in excess of 50 or 60 hours per week including time worked at the office, working remotely, working on weekends, and working during meal periods.

26.     Ellis was terminated by Capital One on February 14, 2019.

27.     On or about December 31, 2018 Defendants presented Plaintiff with documents including a Letter of Agreement ("LOA") which offered her severance pay in exchange for waiving certain claims against Defendants.

28.     Included with the LOA was a document setting forth a condition on the offer by

4

Capital One that the LOA must not be signed and dated before Plaintiff's termination date.

29.     Plaintiff signed and returned the LOA within three days of December 31, 2018 (the date Capital one issued the LOA).

30.     Capital One rejected Plaintiff's LOA as failing to comply with its condition that the LOA not be signed or dated prior to February 14, 2019, the actual date of Plaintiff's termination.

31.     Capital One re-extended its LOA offer as available to Plaintiff to accept only between February 14, 2019 and March 7, 2019, the latter date on which Capital One automatically withdrew its offer.

32.     Plaintiff, in turn, rejected Capital One's LOA.

33.     Capital One, in accord with Plaintiff's rejection of the LOA, did not pay or provide any consideration to Plaintiff under the LOA.

### Common Allegations Regarding Staffing Analysts

34.     The relevant time period for which the claim is asserted is the time period that Staffing Analysts began using the Teliopti system.

35.     Following Capital One's implementation of Teliopti, Staffing Analysts are not required to exercise discretion or independent judgment involving matters of significance in carrying out their staffing analyst duties.

36.     Plaintiff and other similarly situated Staffing Analysts did not perform as a primary duty managerial tasks over other employees, such as: interviewing, selecting, or training employees; setting employees' schedules or hours of work; directing employees' work; appraising employee productivity and efficiency; handling employee complaints and grievances; or disciplining employees.

37.     Plaintiffs and other similarly situated Staffing Analysts  did not perform work directly related to the management or general business operations of Capital One or its customers such as: banking, finance, accounting, information technology, setting of business policies, planning, negotiating, purchasing, promoting sales, business research, or other duties relating to running Capital One's business.

38.     Following Capital One's implementation of Teliopti, Staffing Analysts duties involved primarily clerical functions including data entry, preparing PowerPoint decks, cutting and pasting, running reports, summarizing data, and relaying information.

39.     Capital One is not engaged in the general business of monitoring vendors.

40.     Plaintiff and other similarly situated Staffing Analysts did not perform work requiring advance knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

41.     Following Capital One's implementation of Teliopti, Plaintiff and other similarly situated Staffing Analysts:

        a.     did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

        b.     did not have authority to waive or deviate from established policies and procedures;

        c.     did not have authority to commit Defendants in matters that have significant financial impact;

        d.     did not have authority to negotiate and bind Defendants on significant matters; and

        e.     were not involved in determining Capital One's long- or short-term

business objectives.

42.     Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude her or other non-supervisory Staffing Analysts from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

43.     Capital One paid Plaintiff on a salary basis, and classified her and other Staffing Analysts as exempt from receiving overtime under the FLSA.

44.     Capital One did not require Plaintiff to keep precise track of her hours worked.

45.     Capital One does not have accurate timekeeping records of the exact hours worked by Plaintiff or other Staffing Analysts.

46.     Capital One issued Plaintiff and other Staffing Analysts iPhones and take-home laptops so that each could perform work for Capital One's benefit remotely and at all hours.

47.     Capital One did not pay Plaintiff any overtime premium for hours each worked over 40 per week.

48.     Capital One knew or should have known that Plaintiff was working overtime hours without being paid.

49.     Capital One received benefit of the work performed by Plaintiff.

50.     Capital One is in possession of records (such as log-in records, emails, and instant messaging systems) which should reflect that Plaintiff was performing work for Capital One in excess of 40 hours per week.

51.     Plaintiff sent and received work emails before and after the regular work day.

52.     Defendants knew that once Teliopti was implemented, Staffing Analysts no longer exercised discretion or independent judgment with respect to matters of significance.

53.     Defendants willfully violated the FLSA by continuing to classify Plaintiff and

other Staffing Analysts as exempt under the FLSA in order to avoid paying overtime.

54.     At all relevant times Defendants intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

## Collective Action Allegations

55.     This claim on behalf of Staffing Analysts excludes any time during which a putative plaintiff supervised two or more full-time employees as part of their primary duty. Some Staffing Analysts may have been assigned to supervise two or more full-time employees, and any such putative plaintiffs are not intended to be included in this action during the time in which s/he supervised two or more full-time employees.

56.     This claim on behalf of Staffing Analysts excludes any individual who receives or received compensation in excess of that applicable to the "highly compensated employee" exemption.

57.      Capital One employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiff occupies, including the job functions and/or positions that make up the job of "Staffing Analysts" as set forth herein.

58.     Staffing Analysts perform, and have performed, functions which entitle them to payment of overtime compensation which they have not received.

59.     Staffing Analysts have been denied overtime wages in violation of the FLSA.

60.     Capital One compensated, and continues to compensate Staffing Analysts on a uniform compensation basis.

61.     For at least the past three years, Capital One failed to keep records of the actual amount of hours Plaintiff and similarly situated Staffing Analysts have worked.

62.     On information and belief, Capital One's pay, administrative, recordkeeping, and supervisory operations are centrally managed as a single enterprise, and all or most Staffing Analysts at Capital One are subject to common, uniform time-keeping and payroll practices.

63.     Capital One has records of the identities and the job duties of its Staffing Analysts and/or similarly situated employees who perform similar duties but may have different job titles, and can easily identify the scope of similarly situated putative plaintiffs.

64.     The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiffs and are, or were, subject to the same pay practices, and have been employed within three (3) years of the date of the filing of this action, excluding any time period(s) during which any such employee supervised two or more full-time employees.

65.     Plaintiff asserts that Defendant's willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

66.     The job duties of Plaintiff, and those similarly situated to Plaintiff, are specifically not exempt from the coverage of the FLSA.

67.     At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

## Count 1 – FLSA Overtime

68.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

69.     At all times relevant herein, Plaintiff was an "employee" of Capital One as that term is defined by 29 U.S.C. §203(e)(1).

70.     At all times relevant herein, Capital One was an "employer" of Plaintiff as that term is defined by 29 U.S.C. §203(d).

71.     At all relevant times herein Plaintiff was not exempt from the overtime pay requirements of the FLSA, and was entitled to receive overtime pay under the FLSA for all time worked beyond forty (40) hours in a workweek.

72.     Capital One failed to pay Plaintiff her overtime rate of pay for the time she worked beyond forty (40) hours in a workweek.

73.     At all times relevant herein, Capital One was aware of the overtime requirements of the FLSA.

74.     At all times relevant to the claim asserted herein, Capital One knew or should have known that Plaintiff did not qualify for an exemption to the overtime pay requirements of the FLSA.

75.     Capital One's failure to pay overtime compensation to the Plaintiff was willful and not in good faith.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendants:

A.     an order granting conditional certification of a collective action to include notice of this action to all those similarly situated of their right to join;

B.     money damages for all unpaid overtime compensation;

C.     liquidated damages in an amount equal to all unpaid overtime owed to plaintiff;

D.     pre-judgment and post-judgment interest;

E.     reasonable attorney's fees and costs expended in the prosecution of this

case;

F.      any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,
**Holly Ellis, on behalf of herself and others similarly situated**
Plaintiff


By:_____ /s/_____
        Craig Juraj Curwood (VSB No. 43975)
        Attorney for Plaintiff
        Curwood Law Firm, PLC
        530 E. Main Street, Suite 710
        Richmond, VA 23219
        Telephone: (804) 788-0808
        Fax: (804) 767-6777
        Email: ccurwood@curwoodlaw.com